UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAKAN CHAMEL MILLS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>K. RATHER, et al.,<br><br>　　　　Defendants. | Case No.: 1:21-cv-00977-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING THE ACTION BE DISMISSED FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(ECF No. 9) |

Plaintiff Jakan Chamel Mills is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed August 5, 2021.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

On July 20, 2020, K. Rather confiscated Plaintiff's incoming mail that was returned from the California Secretary of State. The mail consisted of documents and receipts as well as a $20.00 postal money order. K. Rather did not tell Plaintiff why his documents were taken and did not return the $20.00 money order.

## III.

## DISCUSSION

**A.    First Amendment Receipt of Mail**

Plaintiff alleges that his incoming mail (a returned money order) from a state agency was opened and confiscated outside of his presence. Prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir.1995). Prison officials may "open and inspect" legal mail sent to an inmate, Nordstrom v. Ryan, 762 F.3d 903, 909 (9th Cir. 2014), but

"prisoners have a protected First Amendment interest in having properly marked legal mail opened only in their presence." Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1211 (9th Cir. 2017).

Mail to and from a prisoner's attorney is legal mail. But mail to and from courts and public officials is nonlegal mail. See Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996) (district court properly dismissed claim that defendant prison officials improperly opened mail to prisoner from the courts outside his presence), opinion amended on denial of reh'g, 135 F.3d 1318 (9th Cir. 1998). The Ninth Circuit's rejection of the claim in Keenan that opening mail from the court was unconstitutional "turn[ed] on the definition of 'legal mail.' Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail."  Id.; Hayes v. Idaho Corr. Ctr., 849 F.3d at 1211; Mann v. Adams, 846 F.2d 589, 590- 91 (9th Cir. 1988) (prisoner has no constitutional right to be present when mail sent from public agencies and public officials is opened).

Plaintiff has not sufficiently alleged that Defendant violated his right under the First Amendment with regard to his incoming mail from a California state agency.  Mann v. Adams, 846 F.2d at 590-91.  An isolated incident of mail confiscation, without improper motive, does not rise to the level of a constitutional violation. Lingo v. Boone, 402 F.Supp. 768, 773 (N.D. Cal.1975) ("The conduct complained of involved a single, isolated instance of mail censorship."); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir.1990) (finding that an isolated incident, without any evidence of improper motive does not give rise to a constitutional violation).  Accordingly, to the extent that Defendant Rather erred in confiscating Plaintiff's mail from the California Secretary of State on one occasion and that confiscation was not authorized by prison regulation, Defendant's action does not rise to the level of a constitutional violation.  Accordingly, Plaintiff fails to state a cognizable First Amendment claim regarding his incoming mail.

B. **Confiscation of Property**

The Due Process Clause of the Fourteenth Amendment of the United States Constitution protects Plaintiff from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and Plaintiff has a protected interest in his personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). Authorized, intentional deprivations of property are actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984);

3

Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), but the Due Process Clause is violated only when the agency "prescribes and enforces forfeitures of property without underlying statutory authority and competent procedural protections," Nevada Dept. of Corrections v. Greene, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing Vance v. Barrett, 345 F.3d 1083, 1090 (9th Cir. 2003)) (internal quotations omitted).

The Due Process Clause is not violated by the random, unauthorized deprivation of property so long as the state provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. at 533 (1984); Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994).

Here, Plaintiff alleges that his $20.00 money order was wrongfully confiscated. Such claim is unauthorized deprivation, which is not cognizable under § 1983. Plaintiff's property claim may be actionable under state law, but such a claim must be brought in state court rather than in federal court. Indeed, Plaintiff has an adequate post-deprivation remedy under California law and therefore, he may not pursue a due process claim arising out of the unlawful confiscation of his personal property. Barnett, 31 F.3d at 816-17 (citing Cal. Gov't Code §§ 810-895). Accordingly, Plaintiff fails to state a cognizable due process claim.

## IV.

## ORDER AND RECOMMENDATION

For the reasons stated, Plaintiff's amended complaint fails to state a cognizable section 1983 claim for relief. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the identified deficiencies and further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that the instant action be dismissed for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and

4

Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 6, 2021**

UNITED STATES MAGISTRATE JUDGE